# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WILLIAM ABRAHAM,**

        **Plaintiff,**                **CIVIL ACTION NO. 10-CV-10859**

    vs.

                                      **DISTRICT JUDGE NANCY G. EDMUNDS**

**INTERNATIONAL UNION, UAW,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's Motion to Compel Arbitration (docket no. 16) be **DENIED**.

**II.**    **REPORT**:

This matter comes before the Court on the Motion to Compel Arbitration filed by Plaintiff on October 5, 2010. (Docket no. 16). Defendants have not filed a response to the motion and the time for responding has now expired. All pretrial matters have been referred to the undersigned for action. (Docket nos. 4, 13). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff filed this action against Defendants International Union, UAW, and UAW Local 735 alleging breach of the duty of fair representation, and age discrimination and retaliation under the Michigan Elliott-Larsen Civil Rights Act. (Docket no. 1). In the instant motion Plaintiff moves for an order compelling the Defendants to "cease his [sic] Hubris Actions and resolve all complaints in a fair and equitable fashion through Arbitration." (Docket no. 16). Plaintiff claims that he has

1

sought without success to resolve this matter outside of court, however he believes that the parties could reach an out-of-court agreement in this matter.  Plaintiff does not identify an arbitration agreement that mandates arbitration of his claims.  Furthermore, Defendants' submissions to this Court have been silent on the issue of arbitration, and excerpts from the Defendants' collective bargaining agreement attached to the Defendants' pending Motion for Summary Judgment do not address arbitration.  (Docket no. 12, Ex. 5).  Accordingly, the Court has no basis for compelling arbitration and Plaintiff's motion should be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 3, 2010         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 3, 2010         s/ Lisa C. Bartlett
                                Case Manager