UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ABRAHAM,

              **Plaintiff,**              **CIVIL ACTION NO. 10-CV-10859**

    **vs.**

                                     **DISTRICT JUDGE NANCY G. EDMUNDS**

**INTERNATIONAL UNION, UAW,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

              **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    <u>**RECOMMENDATION:**</u>  This Court recommends that Defendants' Motion for Summary Judgment (docket no. 12) be **GRANTED**, Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, Plaintiff's Motion to Compel Defendants to Internal Appeals Process (docket no. 23) be **DENIED**, and Plaintiff's complaint be dismissed.

**II.**    <u>**REPORT**</u>:

       Plaintiff filed this action on February 8, 2010 in Oakland County Circuit Court. Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, and UAW Local 735 removed the case to this Court on March 3, 2010. In his complaint, Plaintiff alleges that Defendants violated the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") and their duty of fair representation by refusing to enforce Plaintiff's union recall rights and union seniority after General Motors fired him from his supervisory position in December 2004. (Docket no. 1).

       This case is presently before the Court on Cross Motions for Summary Judgment. (Docket

nos. 12, 15).  Plaintiff has also filed a Motion to Compel Defendants to Internal Appeals Process. (Docket no. 23).  All pretrial matters have been referred to the undersigned for action.  (Docket nos. 4, 13).  The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

A.    **Facts**

Plaintiff began working at General Motors on March 13, 1978.  He was initially employed at the Willow Run facility and was a member of the collective bargaining unit represented by the UAW.  In 1979 Plaintiff accepted a supervisory position with General Motors.  He held various supervisory positions with General Motors up until the time he was discharged in December 2004. Defendants contend that Plaintiff's supervisory jobs were non-bargaining unit positions.  (Docket no. 12 at 7).  In his complaint Plaintiff alleges that he refused to relinquish his union recall rights and union seniority when he transferred to the supervisory position.  (Docket no. 1, 15).  He claims that after he was discharged he immediately applied for a bargaining unit position with General Motors but that Defendants refused to honor his union recall rights and union seniority.  Plaintiff contends *inter alia* that Defendants denied him his rights because he was fifty-five years old.

B.    **Procedural History**

On March 7, 2005 Plaintiff filed a lawsuit against General Motors in Macomb County Circuit Court, alleging that General Motors unlawfully discriminated against him in violation of the ELCRA.  (Docket no. 12, ex. 1).  Plaintiff settled his lawsuit with General Motors.  (Docket no. 12, ex. 2).  The terms of the settlement are not known, although there is some indication in the record that under the settlement agreement Plaintiff was no longer eligible to work for General Motors. (Docket no. 12, ex. 3 - summary report).

On July 17, 2006 Plaintiff filed a charge with the National Labor Relations Board alleging that the International Union, UAW and Local Union 735 failed to represent him concerning his union recall rights. (Docket no. 12, ex. 3). The NLRB dismissed Plaintiff's charge on August 16, 2006 and notified Plaintiff of his appeal rights. (Docket no. 12, ex. 3). Plaintiff appealed the dismissal to the NLRB Office of the General Counsel. Plaintiff's appeal was denied on September 11, 2006. (Docket no. 12, ex. 4).

On November 8, 2006 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights, alleging that the International Union, UAW engaged in age discrimination and retaliation under the Age Discrimination and Employment Act, the ELCRA, and/or the Persons with Disabilities Civil Rights Act. (Docket no. 12, ex. 2). Plaintiff claimed that the union refused to recall him because of his age and because he had filed suit against General Motors. (Docket no. 12, ex. 2). The EEOC dismissed Plaintiff's charge and mailed Plaintiff a Notice of Right to Sue on February 1, 2007. (Docket no. 12, ex. 2). The MDCR dismissed the charge on March 20, 2007. (Docket no. 12, ex. 2). Plaintiff filed this lawsuit on February 8, 2010.

**B.    Standard**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with

significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.   Analysis**

Defendants argue that Plaintiff's ELCRA claim is pre-empted by § 301 of the Labor Management Relations Act ("LMRA") because it is entirely dependent upon interpretation of the collective bargaining agreement. They also argue that to the extent Plaintiff's ELCRA claim is not pre-empted, it is barred by the applicable statute of limitations, as is Plaintiff's duty of fair representation claim. Defendants further contend that they are entitled to summary judgment because Plaintiff failed to exhaust his union remedies before filing suit.

Section 301 of the LMRA confers jurisdiction to the federal district courts over suits involving violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce. 29 U.S.C. § 185(a). Claims to enforce rights created by collective bargaining agreements, and claims substantially dependent on analysis of a collective bargaining agreement fall under and are pre-empted by the LMRA. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 410-13 (1988) (State law claims are pre-empted by § 301 only if resolution of the claims require the interpretation of a collective bargaining agreement). Individual members of a collective bargaining unit may sue to enforce rights created by the collective bargaining agreement under § 301. *See Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 100-101 (1991).

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms

4

of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted).  A plaintiff must exhaust his union appeals before bringing a § 301 claim in federal court.  *Id.* at 219 ("If respondent had brought a contract claim under § 301, he would have had to attempt to take the claim through the arbitration procedure established in the collective-bargaining agreement before bringing suit in court.").

In his complaint Plaintiff alleges that paragraph 69 of the UAW/GM collective bargaining agreement provides the basis for his recall and seniority rights.  (Docket no. 1).  Paragraph 69 provides:

> Any employee who has been transferred from a supervisory position to a job classification in the bargaining unit shall be credited with seniority as hereafter established provided:
> (a) The employee previously worked on a job classification in the bargaining unit.  This shall also be applied to employees who were promoted prior to certification of the Union.
> (b) The employee's employment with the Corporation has remained unbroken.

(Docket no. 12, ex. 5 at ¶ 69; Docket no. 15, ex. 5).  Seniority is broken if the employee is discharged.  (Docket no. 12, ex. 5 at ¶ 64).

Plaintiff's allegations are predicated upon rights given to bargaining unit members under the collective bargaining agreement.  As such the Court must analyze the collective bargaining agreement to determine whether there is any basis to Plaintiff's claims.  Using the rationale of *Allis-Chalmers Corp.*, the Court should either construe Plaintiff's allegations under § 301 of the LMRA or dismiss Plaintiff's claims as pre-empted by the act.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. at 220.  If Plaintiff's ELCRA claim is construed as a claim under § 301, that claim like Plaintiff's breach of the duty of fair representation claim, is barred by the six month statute of limitations

governing LMRA actions. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983). In addition, Defendants show that Plaintiff failed to exhaust internal union remedies before filing suit. (Docket no. 12, ex. 3 - summary report and ex. 7). Thus, Plaintiff's ELCRA claim could also be dismissed "for failure to make use of the grievance procedure established in the collective-bargaining agreement . . . or dismissed as pre-empted by § 301." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. at 220-21 (internal citation omitted). Likewise, Plaintiff's duty of fair representation claim under § 301 of the LMRA is subject to dismissal for failure to exhaust union remedies.

Even if the Court were to conclude that Plaintiff's ELCRA claim is not pre-empted by § 301 of the LMRA, the claim is time-barred by the three year statute of limitations applicable to ELCRA claims. Mich. Comp. Laws § 600.5805(10). Plaintiff's complaint was filed February 8, 2010. The cut off date for Plaintiff's ELCRA claim is February 8, 2007. Plaintiff was discharged from employment in December 2004. At the very latest, Plaintiff was aware that Defendants were not honoring his alleged recall and seniority rights in July 2006 when he filed a charge with the National Labor Relations Board against the International and Local Union related to his recall rights. (Docket no. 12, ex. 3; Docket no. 15, ex. 4). Accordingly, even if Plaintiff's ELCRA claim survives a pre-emption analysis, it is barred by the statute of limitations.

Plaintiff recently filed a "Motion to Compel Defendants to Internal Appeals Process," asking the Court to compel Defendants to cease their "hubris actions" and resolve all complaints through the internal appeals process. (Docket no. 23). The Court should deny Plaintiff's Motion to Compel Defendants to Internal Appeals Process (docket no. 23) and deny Plaintiff's Motion for Summary Judgment (docket no. 15). Defendants' Motion for Summary Judgment (docket no. 12) should be granted and Plaintiff's complaint dismissed.

6

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 22, 2011                                    s/ Mona K. Majzoub
                                                        MONA K. MAJZOUB
                                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon William

Abraham and Counsel of record on this date.


Dated: April 22, 2011                    s/ Lisa C. Bartlett
                                         Case Manager

8